UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                            :

RUDOLPH EVANS,                       :

                  Plaintiff,     :

     -against-                 :

DR. BARNES, M.D.C. et al.       :

                 Defendants.  :

------------------------------------------------------------x

07 Civ. 9856 (GEL)

**ORDER**

GERARD E. LYNCH, District Judge:

       Plaintiff brings this pro se prisoner action alleging that defendants failed to provide him with appropriate health care. Defendants move for dismissal on the ground that plaintiff has failed to exhaust his administrative remedies. Plaintiff has failed to respond to the motion. For the reasons stated below, the motion will be granted without prejudice to plaintiff's reopening the case by providing a sufficient explanation of steps he has taken to exhaust his administrative remedies.

       As defendants correctly point out, prison inmates may not bring actions under 42 U.S.C. § 1983 unless they have exhausted administrative remedies available to them within the prison system. 42 U.S.C. § 1997e(a); see Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 740 (2001). While an inmate is not required affirmatively to allege exhaustion, a motion to dismiss may be granted where the face of the complaint discloses that the plaintiff did not exhaust his available remedies. See Jones v. Bock, 127 S. Ct. 910, 921, 923 (2007). Here, while plaintiff indicates that he filed a grievance (Compl. ¶ II.B), his description of the steps taken ("I informed the doctors that I have cancer") (id. ¶ II.C.1) indicates only that plaintiff sought medical care, not that he took any steps to file a grievance regarding his failure to receive such care.

       Because the complaint is a pro se pleading, the Court would be inclined to interpret it liberally, if possible, to allege exhaustion, if plaintiff had provided any indication whatsoever that he had attempted to comply with the grievance procedure. The Court is hampered in doing so, however, by plaintiff's failure to respond to the motion. Before the motion was filed, there was no indication that plaintiff had abandoned the case. As recently as March 18, 2008, he filed a change of address form, indicating that he had been transferred to the Fishkill Correctional Facility. Defendants' response was mailed to that address on or about April 14, 2008. In the more than two months following that motion, however, plaintiff has neither responded nor sought additional time to respond. Under the circumstances, it would appear that plaintiff has

conceded the failure to exhaust asserted by defendants. The defendants' motion must therefore be granted.

Nevertheless, because plaintiff is incarcerated and without legal representation, and to allow for the possibility that plaintiff has a meritorious response to the motion and has for some reason been unable to provide it, the dismissal of the complaint shall be without prejudice to plaintiff's reopening the case by providing a suitable (albeit belated) response by July 21, 2008, setting forth the steps, if any, that he took to complain through internal channels of the failure to provide medical care that is the subject of his suit.

Under the law, before bringing a lawsuit regarding prison conditions, an inmate must exhaust his administrative remedies by filing a grievance under the available prison grievance procedures to complain of the conditions, and then pursuing any internal appeals available if the grievance is denied. The defendants' motion details the grievance mechanisms available within the Department of Correction. If plaintiff complained of his lack of medical care by filing such a grievance (or if he contends that the prison authorities prevented him from filing such a grievance, or that his failure to do so should otherwise be excused), he should promptly write to the Court, providing the reasons why he believes either that he has complied with this requirement or that he should be excused for failing to do so. Because such a response has not been timely received, and because the allegations of the complaint itself indicate that plaintiff did not comply with the requirement, the complaint will be dismissed.

Accordingly, it is hereby ORDERED that defendants' motion to dismiss the complaint is granted, and the complaint is dismissed without prejudice to plaintiff's reopening the case by providing a response the Court by July 21, 2008, setting forth the steps, if any, that he took to exhaust his administrative remedies.

SO ORDERED.

Dated: New York, New York
      July 2, 2008

GERARD E. LYNCH
United States District Judge